# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUADALUP RODRIGUEZ,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO. 16cv1652 JM<br>15cr1292 JM<br><br>ORDER GRANTING MOTION TO ENLARGE TIME; DENYING MOTION BROUGHT PURSUANT TO 28 U.S.C. § 2255 |

Petitioner Jose Guadalup Rodriguez moves for a reduction of sentence pursuant to 28 U.S.C. §2255 (the "Motion"). The Government opposes the Motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the court grants the Government's motion to enlarge time and denies Petitioner's Motion.

## BACKGROUND

Pursuant to the Plea Agreement, on October 23, 2015, Petitioner pleaded guilty to being a Removed Alien Found in the United States in violation of 8 U.S.C. §1326(a) and (b) and was sentenced to a custodial term of 30 months. Under USSG §2L1.2, Petitioner received a 16-level adjustment based upon his state court convictions for assault with a firearm, assault by means likely to produce great bodily injury and mayhem in violation of Cal. Penal Code §§245(A)(2), 245(a)(1), and 203, respectively. The prior felony conviction for violation of CPC §245(a)(1) categorically qualified as

///

a crime of violence pursuant to United States v. Jimenez-Azarte, 781 F.3d 1062 (9th Cir. 2015).

**DISCUSSION**

Petitioner moves for relief based upon the issuance by the Supreme Court of its June 26, 2015 decision in Johnson v. United States, 135 S.Ct. 2551 (2015). Under Johnson, Petitioner broadly contends that his state conviction for violation of CPC §245(a)(1) is no longer considered a "crime of violence" under USSG §2L.1.2 and, therefore, the 16-level enhancement was wrongfully imposed. This argument is not persuasive for several reasons.[1]

**28 U.S.C. § 2255 Review**

Claims for relief under 28 U.S.C. § 2255 must be based on a constitutional error, a jurisdictional error, a defect resulting in a miscarriage of justice, or an unfair procedure. 28 U.S.C. § 2255(a); United States v. Timmreck, 441 U.S. 780, 783-84 (1979). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." The court does not need to hold an evidentiary hearing or obtain a response from the government. See 28 U.S.C. § 2255; United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986).

**Waiver**

The Court concludes that Petitioner waived his right to collaterally attack his sentence. In the Plea Agreement, Petitioner specifically waived his right to appeal or to collaterally attack his conviction and sentence unless the court imposed a custodial sentence greater than the high end of the guideline range recommended by the government, except that Petitioner could bring "a post-conviction collateral attack based

---

[1] The court finds good cause to grant the Government's motion to enlarge time to file a response to the Motion. The Government represents that it was unable to timely respond to the Motion "due to press of business." (Ct. Dkt. 30). Here, Petitioner cannot show any prejudice by the Government's late filing.

1  on ineffective assistance of counsel." This waiver provision is enforceable to bar
2  Petitioner from seeking collateral relief because he was sentenced within the guideline
3  range. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 508
4  U.S. 979 (1993). The Plea Agreement's language clearly embraces a waiver of any
5  collateral attack on Defendant's sentence, including a § 2255 motion. See United States
6  v. Schuman, 127 F.3d 815, 817 (9th Cir. 1997) (per curiam) (finding that defendant
7  waived his right to appeal an incorrect application of the Sentencing Guidelines even
8  though the plea agreement did not specifically mention this right; to find otherwise
9  "would render the waiver meaningless"). Furthermore, Petitioner does not challenge
10 the voluntariness of his waiver or otherwise inform the court of any other basis to
11 invalidate his waiver. The record reflects that Petitioner's waiver was knowing and
12 voluntary.
13     In sum, the court concludes that Petitioner validly waived his right to collaterally
14 attack his sentence and dismisses the Motion.

**Procedural Bar**

16     Even if Petitioner had not waived his rights to raise the claims in a § 2255
17 proceeding, the alleged claims are procedurally defaulted. Claims that could have been
18 raised on appeal, but were not, are procedurally defaulted. See Bousley v. United States,
19 523 U.S. 614, 621-22 (1998) (habeas review is an extraordinary remedy and will not
20 be allowed to substitute for an appeal). A review of the record reveals that Petitioner did
21 not file a direct appeal and, therefore, he did not raise the claim on direct appeal.
22 Petitioner's entire argument is that the Supreme Court's June 26, 2015 Johnson decision
23 compels the conclusion that the 16-level enhancement is unconstitutional. This, and
24 related, arguments could have been raised at any time prior to the October 23, 2015,
25 sentencing, but were not. Petitioner does not sufficiently allege any basis for finding
26 that cause and prejudice exists to excuse the procedural default, nor does he allege that
27 he is actually innocent. See Murray v. Carrier, 477 U.S. 478, 485 (1986). Accordingly,
28 his failure to raise these claims on direct review results in the procedural default of

these claims. Id. The Motion is dismissed.

**The Merits**

Petitioner requests that the court vacate his 30-month sentence and to resentence him without applying the 16-Level enhancement provided by USSG §2L1.2. Petitioner contends that USSG §2L1.2 is unconstitutional after Johnson. This argument is not persuasive.

The Supreme Court in Johnson held unconstitutionally vague the residual clause of the Armed Career Criminals Act ("ACCA"), which defined a "violent felony" as any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). This so-called residual clause "fails to give ordinary people fair notice of the conduct it punishes" and "invites arbitrary enforcement," thereby "violat[ing] the first essential of due process." 135 S. Ct. at 2556-57. The requirements of fair notice and enforcement standards "apply not only to statutes defining elements of crimes, but also to statutes fixing sentences." Id. at 2557. For these reasons, Johnson held that "increasing a defendant's sentence under the [residual] clause denies due process of law." Id.

The court concludes that the ACCA definition of "violent felony" is not sufficiently analogous to the provision in §2L1.2(b)(1)(A) to support a finding that the 16-Level enhancement provision is unconstitutionally vague. A "crime of violence" is defined in the commentary section to §2L1.2:

> "Crime of violence" means any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

USSG §2L1.2, Application Note 1(B)(iii). Unlike the residual clause of the ACCA, this definition does not turn on determining when "a serious potential risk of physical injury to another" occurs. The term "potential risk" sweeps too broadly. As defined in the

ACCA, wholly innocent and non-violent conduct may be subject to ACCA's residual clause.  As noted by the Supreme Court, the ACCA provision fails to "give ordinary people fair notice of the conduct it punishes" and "invites arbitrary enforcement," thereby "violat[ing] the first essential of due process."  135 S. Ct. at 2556-57.

Here, in contrast to the ACCA, the "crime of violence" provision contained in USSG §2L1.2, Application Note 1(B)(iii), does not suffer from the same vagueness defects.  This provision encompasses crimes that include "the use, attempted use, or threatened use of physical force."  This language, routinely applied by courts, provides express notice that the use, attempted use, or threatened use of force subjects an individual to an enhanced sentence.  This language provides fair notice and does not invite judges to engage in arbitrary enforcement.  As applied, Petitioner's conviction for assault by means likely to produce great bodily injury in violation of Cal. Penal Code §245(a)(1) is categorically a crime of violence.  See Jimenez-Azarte, 781 F.3d 1062.  Section 2L1.2 simply does not imitate or mimic the language of ACCA's residual clause, and therefore, does not raise the same vagueness issues as in Johnson.

Finally, the court notes that 8 U.S.C. §16(b), but not 8 U.S.C. §16(a), has been declared unconstitutionally vague under the same rational applied in Johnson.  See Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015); Shuti v. Lynch, 828 F.3d 440 (6th Cir. 2016).  In Dimaya, the Ninth Circuit concluded that the "crime of violence" definition contained in 8 U.S.C. §16(b) is unconstitutionally vague for the same reasons that the ACCA residual clause was found to be unconstitutionally vague in Johnson.  While §16(a) defines a "crime of violence" as an offense that has the element of "use, attempted use, or threatened use of physical force," §16(b) defines a "crime of violence" as one involving "a substantial risk that physical force against the person or property of another."  The Ninth Circuit, as well as other circuits, reasoned that the language in §16(b) suffers from the same defect as the ACCA residual clause because the challenged provision "is subject to identical unpredictability and arbitrariness as ACCA's residual clause."  Id. at 1115.    First, the ACCA, like §16(b), creates

substantial uncertainty about "what kind of conduct the 'ordinary case' of a crime involves." <u>id.</u> Second, both statutory provisions raise substantial uncertainty in the sense that the provision fails to provide sufficient notice to determine how much risk it takes for a crime to qualify as a violent felony (a "serious potential risk" in an ACCA case and "a substantial risk that physical force" will be involved in a §16(b) case).  These uncertainties simply do not exist in assessing a 8 U.S.C. §16(a) or USSG §2L1.2 case.

In sum, Petitioner cannot prevail on the merits because the "crime of violence" definition contained in USSG §2L1.2, Application Note 1(B)(iii) is not unconstitutionally vague.

**Certificate of Appealability**

For the reasons set forth herein, Defendant fails to make a substantial showing of the denial of a constitutional right.  Accordingly, the court denies any request for a certificate of appealability.  <u>See</u> 28 U.S.C. §2253(c)(2).

**IT IS SO ORDERED.**

DATED: October 20, 2016

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:          All parties